IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JERMAINE HOPKINS, | § § § § | |
| Plaintiff, | | |
| V. | § § § § § § § | 1-15-CV-794  RP |
| CITY OF AUSTIN AND CITY OF AUSTIN POLICE DEPARTMENT, | | |
| Defendants. | | |

## ORDER

Before the Court is Plaintiff's Motion to Remand and Memorandum in Support, filed October 9, 2015 (Clerk's Dkt. #5). After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I.  BACKGROUND

Plaintiff Jermaine Hopkins originally filed this action in the 345th Judicial District Court of Travis County, Texas on August 7, 2015. He named as defendants the City of Austin and City of Austin Police Department.

In his original state court petition, Plaintiff contends he was subjected to discrimination on the basis of race, disability and genetic information during his employment by Defendants. He also alleges he was subjected to retaliation in response to his complaints of discrimination to Defendants and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff specifically identifies his causes of action as arising under Chapter 21 of the Texas Labor Code. (Plf Orig. Pet. ¶¶ 66-72).

Defendants removed the action to this Court, asserting federal question jurisdiction based on Plaintiff's references to various federal statutes in his state court petition. Plaintiff has filed a

motion to remand this action back to state court.  To date, Defendants have not filed a response.[1]

## II. STANDARD OF REVIEW

Federal courts have original jurisdiction over cases "arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1331. A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  28 U.S.C. § 1441(a).  Implementation of this statute is controlled by the well-pleaded complaint rule.  This rule provides that a "properly pleaded complaint governs the jurisdictional determination and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction."  *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989).  Stated differently, removal is proper if the complaint establishes: (1) federal law creates the cause of action; or (2) federal law is a necessary element of one of the well-pleaded claims.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  When the propriety of removal is challenged, the burden of establishing federal jurisdiction is on the party who removed the action.  *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

## II. DISCUSSION

In removing this case Defendants invoked Plaintiff's allegations that the conduct of Defendants was in violation of the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act and the Fair Labor Standards Act.  Defendants also pointed to Plaintiff's claims of racial discrimination filed with the EEOC which cite to Title VII.  Defendants asserted that those references were sufficient to put them on notice that Plaintiff was asserting federal causes

---

[1] Defendants' response to the motion to remand was due on October 16, 2015.  *See* W.D. Tex. Local R. CV-7(e) (response to non-dispositive motion due not later than seven days after filing of motion).  Thus, pursuant to Local Rule CV-7(e), the motion may be granted as unopposed.

of action, thus rendering the case removable. Plaintiff now contends removal was unwarranted because his state court petition makes clear he is asserting causes of action solely created by the Texas Labor Code.

A federal court may find that a plaintiff's claim arises under federal law and is removable, even though the plaintiff has not characterized the claim as federal. *Frank*, 128 F.3d at 922. To make this determination, the court must look to the substance of the claim alleged. *Rozzell v. Sec. Servs., Inc.*, 38 F.3d 819, 822 (5th Cir. 1994). Thus, to defeat remand of this case, the Defendants must show that a federal right is an essential element of one of Plaintiff's causes of action. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003) (removal proper only where plaintiff has affirmatively alleged federal claim in the complaint).

In examining the substance of the pleading at issue, the undersigned finds the statements far from a clear assertion of a violation of federal law. The Fifth Circuit considered a similar situation in *Avitts v. Amoco Production Co.*, 53 F.3d 690 (5th Cir. 1995). The complaint in *Avitts* included the statement: "It is expected that the evidence will reflect that the damages caused by the Defendants are in violation of not only State law but also Federal law." The defendants removed, on the ground that the statement alleged a claim under federal law. In finding removal was improper, the Fifth Circuit characterized this statement as merely an "oblique" reference to violation of an unspecified "Federal law." *Avitts*, 53 F.3d at 692-93. *See also Rozzell*, 38 F.3d at 822 (complaint alleging only wrongful termination was not removable under ERISA preemption even though employee alleged he was fired in attempt to deprive him of compensation and "benefits" of his job; word "benefits" was included in accusation of requisite malice for punitive damages, not as separate claim for relief).

Nor does the undersigned find any additional significance in the fact that Plaintiff referred to a standard of conduct imposed by federal law. The plaintiffs in *MSOF Corp. v. Exxon Corp.*, 295

F.3d 485 (5th Cir. 2002) alleged negligent and strict liability torts under Louisiana law in the complaint. The only reference to federal law in the complaint was an allegation that the defendants maintained one of their facilities in violation of federal regulations, as well as in violation of state and local regulations. The Fifth Circuit found that language did not suffice to render the action one arising under federal law. *MSOF*, 295 F.3d at 490. *See also Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988) (claim of wrongful termination not properly removed based on plaintiff's allegations that he refused to permit his employer to continue to operate in violation of federal laws).

Plaintiff may have alleged facts sufficient to support claims arising under federal statutes. It is, however, clear that a plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, taking the risk that he will be unable to pursue any federal claims he may have. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772-73 (5th Cir. 2003). Plaintiff here has unequivocally expressed his intention to refrain from asserting any federal claims. Accordingly, this case should be remanded to Texas state court.

## IV.  CONCLUSION

The Court hereby **GRANTS** Plaintiff's Motion to Remand and Memorandum in Support (Clerk's Dkt. #5).

**IT IS THEREFORE ORDERED** that this cause is **REMANDED** to the 345th Judicial District Court of Travis County, Texas.

**SIGNED** on November 4, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE